# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| SHALONDA SANDERS, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 6:16-CV-01031-RWS |
| | § |
| v. | § |
| | § |
| HSBC BANK USA, NATIONAL ASSOCIATION, | § |
| | § |
| Defendant. | § |

## ORDER

Before the Court is Defendant HSBC Bank USA's ("Defendant") Motion for Summary Judgment. Docket No. 27. Plaintiff has not filed a response. For the reasons below, the Motion for Summary Judgment is **GRANTED.**

## BACKGROUND

This is a wrongful foreclosure case. Borrower Rolanda M. Forney ("Borrower") executed an Adjustable Rate Note and a Home Equity Note, both in favor of Fieldstone Mortgage Company, in the amounts of $101,571.00 and $25,392.00 on November 12, 2004. Docket No. 27-2. The notes relate to the property located at 20071 Meadow View Lane, Flint, Texas 75762. *Id*. at 1. Plaintiff also executed a Deed of Trust, securing the obligations under the notes by placing a first lien on the property. Docket No. 27-3.

By September 2012, Borrower had defaulted on the loan. Docket No. 27-5. After Borrower passed away in February 2013, her sister, Shalonda Sanders ("Plaintiff"), paid $74,075.43 in June 2013 to reinstate the loan that had been in default. Docket No. 27-7 at 8.

Plaintiff later made a second payment of $2,015.88 in July 2013.  Docket Nos. 27-7 at 8 and 27-12 at 2.  After this second payment, Plaintiff admits she never made another payment on the loan.  Docket No. 27-12 at 2.  Thus, in August 2013, the loan was back in default.  Docket No. 27-8 at 1.  The property was finally sold at a foreclosure sale to Defendant for $124,925.48 on December 1, 2015.  Docket No. 27-10 at 1.

Plaintiff then filed a Complaint in the 241st Judicial District Court of Smith County, Texas alleging wrongful foreclosure by Defendant of the property.  Docket No. 4.  Defendant then removed the action to this Court under 28 U.S.C. §§ 1441 and 1446.  Docket No. 1.  Plaintiff seeks an injunction, damages and attorney's fees.  *Id*. at 7–8.

## LEGAL STANDARD

Summary judgment is proper if "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When the movant for summary judgment demonstrates the absence of a genuine dispute over any material fact, the burden to show that there is a genuine issue for trial shifts to the non-movant.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining whether a genuine issue for trial exists, a court views all inferences drawn from the factual record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

Under Texas law, a wrongful foreclosure claim requires: (1) a defect in the foreclosure proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two.  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013); *Barcenas v. Fed.*

*Home Loan Mortg. Corp.*, 2013 WL 286250, at *5 (S.D. Tex. Jan. 24, 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.)). "Moreover there must be evidence of an irregularity that 'must have caused or contributed to cause the property to be sold for a grossly inadequate price.' " *Barcenas*, 2013 WL 286250 at *5 (quoting *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). "Under Texas law a grossly inadequate price would have to be 'consideration so far short of the real value of the property as to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.' " *Barcenas*, 2013 WL 286250 at *5 (quoting *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 813 (N.D. Tex. 2012), aff'd, 538 F. App'x 391 (5th Cir. 2013)).

## ANALYSIS

In its motion for summary judgment, Defendant argues there is no genuine dispute as to any material fact concerning the three elements of a wrongful foreclosure claim. Docket No. 27. First, Defendant argues there was no defect in the foreclosure proceedings. *Id*. at 7. Second, Defendant claims the selling price was not grossly inadequate. *Id*. at 7–8. Third, Defendant argues there was no causal connection between any defect and a grossly inadequate selling price. *Id*. at 8. Plaintiff did not respond with any legal arguments to the motion. Rather, Plaintiff submitted a "controverting affidavit" more than a week after the response was due. Docket No. 29. The affidavit recounts Plaintiff's understanding of the facts, including that she made two payments of $74,075.43 and $2,015.88 in 2013. *Id*. at 2.

There is no genuine dispute as to any material fact concerning any defect in the foreclosure proceedings. The parties agree that Plaintiff made two payments in 2013 totaling $76,091.31. Docket No. 27-7 at 8. Yet Plaintiff admits the total amount due on the loan was actually $101,086.54. Docket No. 27-12 at 6. Plaintiff never made another payment on the loan after the

two payments in 2013.  Docket Nos. 27-7 at 8 and 27-12 at 2.  The loan subsequently went into default.  Docket No. 27-8 at 1.  On November 4, 2015, Defendant exercised its right under the loan to appoint a substitute trustee over the property upon default.  Docket No. 27-9.  As a result, the property was sold on December 1, 2015 at a foreclosure sale.  Docket No. 27-10.  Plaintiff has not shown a genuine dispute as to any material fact concerning the foreclosure proceeding.

There is also no genuine dispute as to any material fact regarding a grossly inadequate selling price.  "The weight of Texas authority rejects a determination of gross inadequacy where . . . property sells for over 60% of fair market value."  *Fed. Deposit Ins. Corp. v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990).  Here, the property sold for $124,925.48.  Docket No. 27-10 at 1.  According to the Smith County Appraisal District, the fair market value of the property in 2015 was $154,521.00.  Docket No. 27-11.  Thus, the property sold for about 80% of its fair market value.  Therefore, no genuine dispute as to any material fact exists regarding the adequacy of the selling price.

Finally, no genuine dispute as to any material fact exists regarding the third element of a wrongful foreclosure claim.  The third element requires a causal connection between the first two elements.  722 F.3d at 256.  Since the uncontroverted evidence has established there was neither a defect in the foreclosure proceeding nor a grossly inadequate selling price, the third element cannot be met.  Thus, no genuine dispute as to any material fact exists regarding the causal connection.

## CONCLUSION

Accordingly, the uncontroverted evidence in the record establishes there is no genuine dispute of material fact as to any of the three elements of a wrongful foreclosure claim.  Defendant's Motion for Summary Judgment is hereby **GRANTED**.  Plaintiff's request for injunctive relief is **DENIED**.  Plaintiff's request for attorney's fees is also **DENIED**.

**SIGNED this 18th day of December, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE